IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civ. No. 06-238-GMS | |
| | ) | |
| HELEN HANLON, DIANE | ) | |
| STACHOWSKI, SYLVIA FOSTER, | ) | |
| MARGRET WILSON, FLORENCE | ) | |
| SCOTT COBBS, KATHRYN | ) | |
| SHENEMAN, and BRIAN J. | ) | |
| ROBERTSON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

The plaintiff Jimmie Lewis ("Lewis"), a prisoner incarcerated at the Delaware

Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and

proceeds *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court now proceeds to

review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the claim against Brian J. Robertson ("Robertson") is

dismissed for failure to state a claim upon which relief may be granted and as frivolous pursuant

to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**I.     THE COMPLAINT**

Lewis alleges that during state criminal proceedings an order was entered on December 1,

2003, for him to undergo a psychiatric evaluation. Lewis alleges that from December 1, 2003, to

May 20, 2004, Diane Stachowksi ("Stachowski") of the Delaware Psychiatric Hospital, ignored,

failed to respond or act on the order. Lewis alleges that the actions of Stachowski denied him the

ability to seek relief from his felony conviction by way of a direct appeal and post-conviction

relief. (D.I. 2 at 1.)

Lewis next alleges that while at the Delaware Psychiatric Hospital he signed an

emergency contact application that gave mental health care social workers the authority to

contact his mother in case of an emergency. He alleges that on several occasions Florence Scott

Cobbs ("Cobbs") failed to inform his emergency contact, patient advocate, proper supervisors, or

judicial authorities when he was on four point restraint and injected with a cocktail of

psychotrophic medications against his will. *Id.* at 2.

Lewis also alleges that he was assaulted by a psychiatric patient but did not receive

physical treatment or psychological counsel for his injuries. *Id.* at 3. He alleges that Dr. Kathryn

Sheneman ("Dr. Sheneman") documented the assault but failed to inform his emergency contact,

patient advocate, proper supervisors, or judicial authorities. He alleges that Dr. Sheneman

documented in her notes that there was no evidence of an assault. He also alleges that Dr. Sylvia

Foster ("Dr. Foster") and Dr. Sheneman conspired to conceal the assault and deprive him of

medical care.

Lewis alleges that on several occasions Helen Hanlon ("Hanlon") injected him against his

will with a cocktail of psychotrophic medications. *Id.* at 4, 6, 7, 8. Lewis alleges this was done

without a competency or disciplinary hearing. Lewis alleges that Dr. Foster authored "an alleged

forensic psychiatric competency evaluation" that was submitted to the Superior Court of

Delaware in and for New Castle County. *Id.* at 5. Lewis alleges deficiencies and inaccuracies in

the report that adversely affected his criminal case. Finally, Lewis alleges that Brian J. Robertson

("Robertson"), a prosecuting attorney for the State of Delaware, filed a motion to have Lewis

declared an habitual offender due to the "grossly erroneous" report filed by Dr. Foster. *Id.* at 5.

Lewis seeks nominal, compensatory, punitive and exemplary damages, and injunctive relief. Specially, he asks that a lien be placed on the defendants' assets, that Robertson's bar license be revoked, that Dr. Foster and Hanlon's medical licenses be revoked, and/or an apology.

## II.    STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

III.    ANALYSIS

A.    **Report of Dr. Foster**

Dr. Foster prepared a psychological evaluation upon court order. Lewis takes exception to virtually all aspects of the report and alleges that the "report is responsible for the judge's abuse of discretion at [his] sentencing hearing, as well as for denying [his] motion for a new trial." In essence, Lewis is using Dr. Foster's alleged deficient report to attack his conviction and sentence.

To the extent that Lewis attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Furthermore, a plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey,* 312 U.S. 477, 487 (1994). Here, Lewis has not alleged or proven, that his conviction or sentence was reversed or invalidated as provided by *Heck*. Indeed, attachments to his complaint indicate that his requests for post-conviction relief were denied.

To the extent Lewis seeks damages for his current incarceration his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke*, 490 U.S. at 326. Therefore, this claim against Dr. Foster will be dismissed.

Lewis has also alleged that Dr. Foster and Dr. Sheneman conspired to conceal an assault and deprive him of medical and psychological treatment. At this point in time, the conspiracy

claim remains viable against Dr. Foster.

      **B.**      **Prosecutorial Immunity**

Lewis alleges that Robertson, a prosecuting attorney for the State of Delaware, filed a motion to have him declared a habitual offender. He alleges that Robertson was able to file the motion based upon the "grossly erroneous report filed by Dr. Foster."

As a prosecutor, Robertson has absolute immunity for all activities relating to judicial proceedings. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). Indeed, prosecutors are absolutely immune for all actions performed in a "quasi-judicial" role. *Id.* at 430. The scope of absolute immunity for prosecutors "includes activity taken while in court, such as the presentation of evidence or legal argument, as well as selected out of court behavior "intimately associated with the judicial phases" of litigation. *Giuffre v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994)(citations omitted). Additionally, a prosecutor's decision whether to initiate a prosecution is protected by absolute immunity because that decision "is at the core of a prosecutor's judicial role." *Kulwicki v. Dawson*, 969 F.2d 1454, 1463-64 (3d. Cir. 1992) (citing *Imbler*, 424 U.S. at 430-31).

Clearly, the decision to file a motion to find Lewis a habitual offender is an action associated with a judicial phase of the prosecution of Lewis. Consequently, Lewis' claim against Robertson has no arguable basis in law or in fact. The claim against Robertson is frivolous and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**IV.**    **CONCLUSION**

Based upon the foregoing analysis, the claim against the defendant Brian J. Robertson is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted. The claim against Dr. Foster wherein Lewis

attempts to challenge his sentence or conviction is dismissed without prejudice.  Lewis may

proceed with his remaining claims.  An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_____ , 2006
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS,                                    )
                                                 )
         Plaintiff,                              )
                                                 )
    v.                                           ) Civ. No. 06-238-GMS
                                                 )
HELEN HANLON, DIANE                              )
STACHOWSKI, SYLVIA FOSTER,                       )
MARGRET WILSON, FLORENCE                         )
SCOTT COBBS, KATHRYN                             )
SHENEMAN, and BRIAN J.                           )
ROBERTSON,                                       )
                                                 )
         Defendants.                             )

**ORDER**

At Wilmington this 9th day of _August_ , 2006, for the reasons set forth in the

Memorandum issued this date, IT IS HEREBY ORDERED that:

1.      The claim against the defendant C/O Brian J. Robertson is DISMISSED without

prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §

1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).

2.      The claim against Dr. Sylvia Foster wherein Lewis attempts to challenge his

sentence or conviction is dismissed without prejudice for failure to state a claim upon which

relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).

3.      The court has identified a cognizable claims within the meaning of 28 U.S.C. §

1915 and § 1915A(b) against defendants Helen Hanlon, Diane Stachowski, Sylvia Foster,

Margret Wilson, Florence Scott Cobbs, and Kathryn Sheneman.  Lewis is allowed to proceed

against these defendants.

IT IS FURTHER ORDERED that:

1.    The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

2.    Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), Lewis shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for the **remaining defendants Helen Hanlon, Diane Stachowski, Sylvia Foster, Margret Wilson, Florence Scott Cobbs, and Kathryn Sheneman**, as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C).  Lewis has provided the court with one copy of the complaint (D.I. 2) for service upon each remaining defendant.  **Lewis is notified that the United States Marshal will not serve the complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for each remaining defendant and the Attorney General of the State of Delaware within 120 days of this order may result in the complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3.    Upon receipt of the completed "U.S. Marshal 285" form(s) as required by paragraph 2 above, the United States Marshal shall serve a copy of the complaint (D.I. 2), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4.    Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s)

2

pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.      Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent.  If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6.      No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.      **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**.  An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8.      **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

UNITED STATES DISTRICT JUDGE

3